# EXHIBIT 1



**U.S. Department of Justice**

*United States Attorney
Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

July 26, 2019

**BY EMAIL**

Randall L. Skeen, Esq.
Cook, Skeen & Robinson
588 South 900 East
Salt Lake City, Utah 84121
rskeen@skeenandrobinson.com

      Re:    *United States v. Janell Thompson*, S3 18 Cr. 444 (NRB)

Dear Mr. Skeen:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Janell Thompson ("the defendant") to Count One of the above-referenced Superseding Information (the "SDNY Information") and to Count One of an Information to be filed in the United States District Court for the Eastern District of North Carolina (the "EDNC Information").[1]

      Count One of the SDNY Information charges the defendant with participating in a conspiracy to distribute and possess with intent to distribute (a) mixtures and substances containing a detectable amount of methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate (known as "5F-ADB" and "5F-MDMB-PINACA"), in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846, from on or about April 10, 2017 until in or about June 2018; and (b) mixtures and substances containing a detectable amount of 5-ADB, a controlled substance analogue of N-1(1-amino-3,3-dimethyl-1-oxobutan-2-yl)-1-pentyl-1H-indazole-3-carboxamide (known as "ADB-PINACA"), in violation of 21 U.S.C. §§ 813, 841(b)(1)(C), and 846, from on or about February 10, 2014 until in or about April 10, 2017. Count One of the SDNY Information carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of three years; a maximum fine, pursuant to 18 U.S.C. § 3571 and 21 U.S.C. § 841(b)(1)(C), of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $ 100 mandatory special assessment.

---

[1] Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, upon the defendant's statement in writing that she intends to plead guilty to the EDNC Information and the approval of the United States Attorneys for the Eastern District of North Carolina and the Southern District of New York, the EDNC Information will be transferred to the Southern District of New York.

2019.07.08

Count One of the EDNC Information charges the defendant with participating in a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), from on or about February 10, 2014 until in or about June 2018. Count One of the EDNC Information carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of three years; a maximum fine, pursuant to 18 U.S.C. § 1956(a)(1)(B), of the greatest of $500,000 or twice the value of the property involved in the transaction; and a $100 mandatory special assessment.

In consideration of the defendant's plea to the above offenses, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for (1) participating in a conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of 5F-ADB, from on or about February 10, 2014 until in or about June 2018, as charged in Count One of the SDNY Information; and (2) participating in a conspiracy to commit money laundering, from on or about February 10, 2014 until in or about June 2018, as charged in Count One of the EDNC Information, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq*. In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges she is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

The defendant hereby admits the forfeiture allegation with respect to Count One of the SDNY Information and agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, a sum of money equal to $1,000,000.00, representing proceeds traceable to the commission of the said offense. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit 1 and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

The defendant further agrees to make restitution an amount ordered by the Court in accordance with 18 U.S.C. §§ 3663, 3663A, and 3664.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A. Offense Level**

1. The November 2018 Guidelines Manual applies to this case.

Count One of the SDNY Information

2. U.S.S.G. § 2D1.1 is the Guideline applicable to Count One of the SDNY Information.

3. Pursuant to U.S.S.G. § 2D1.1 Application Note 8(A) and (D), the drug quantity for the offense is 8,350 kilograms of converted drug weight because the offense involved 50 kilograms of synthetic cannabinoids.

4. Pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(4), the base offense level is 32 because the offense involved more than 3,000 kilograms but less than 10,000 kilograms of converted drug weight.

5. Pursuant to U.S.S.G. § 2D1.1(b)(18), the offense level is decreased by two levels because, based on the information currently available to this Office, the defendant appears to meet the criteria set forth in U.S.S.G. § 5C1.2(a)(1)-(5).

6. Accordingly, the offense level for Count One of the SDNY Information is 30.

Count One of the EDNC Information

7. U.S.S.G. § 2S1.1 is the Guideline applicable to Count One of the EDNC Information.

8. Pursuant to U.S.S.G. § 2S1.1(a)(1), the base offense level is 30, that is, the offense level for the underlying offense from which the laundered funds were derived because (a) the defendant committed the underlying offense and (b) the offense level for that offense can be determined.

9. Pursuant to U.S.S.G. § 2S1.1(b)(2)(B), the offense level is increased by two levels because the defendant was convicted under 18 U.S.C. § 1956.

10. Accordingly, the adjusted offense level for Count One of the EDNC Information is 32.

Grouping Analysis

11. Pursuant to U.S.S.G. § 3D1.2, Count One of the SDNY Information and Count One of the EDNC Information are grouped together as a single group (the "Group") because they involve substantially the same harm because, pursuant to § 3D1.2(c), Count One of the SDNY Information embodies conduct that is treated as a specific characteristic in, or other adjustment to, the guideline applicable to Count One of the EDNC Information.

12. Pursuant to U.S.S.G. § 3D1.3(a), the offense level applicable to the Group is the offense level for the most serious of the counts comprising the Group, that is, the highest offense level of the counts in the Group. Accordingly, the offense level applicable to the Group is 32.

Acceptance of Responsibility

13. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant timely provided complete information to the Government concerning her own involvement in the offense.

In accordance with the above, the applicable Guidelines offense level is 29.

**B. Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), the defendant has zero criminal history points. Accordingly, the defendant's Criminal History Category is I.

**C. Sentencing Range**

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 87 to 108 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 29, the applicable fine range is $30,000 to $1,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1.

2019.07.08

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through her allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that her entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw her plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 87 to 108 months' imprisonment, even if the Court denies the defendant's application for safety valve relief and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $1,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $30,000. The defendant also agrees not to appeal any forfeiture amount that is less than or equal to $1,000,000, and the Government agrees not to appeal any forfeiture amount that is greater than or equal to $1,000,000. Notwithstanding the foregoing, nothing in this

2019.07.08

paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that she has accepted this Agreement and decided to plead guilty because she is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw her plea or to attack her conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if she is not a citizen of the United States, her guilty plea and conviction make it very likely that her removal from the United States is presumptively mandatory and that, at a minimum, she is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, she recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if her naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that she has discussed the possible immigration consequences (including removal or denaturalization) of her guilty plea and conviction with defense counsel. The defendant affirms that she wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including her attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw her guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge her conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from her guilty plea and conviction.

It is further agreed that should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

2019.07.08

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Robert B. Sobelman
Assistant United States Attorney
(212) 637-2616

APPROVED: _____
Shawn G. Crowley
Co-Chief, Narcotics Unit

AGREED AND CONSENTED TO:

_____          8-9-2019
Janell Thompson                   DATE

APPROVED:

_____          8/9/19
Randall L. Skeen, Esq.            DATE
Attorney for Janell Thompson

2019.07.08

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA      :   CONSENT PRELIMINARY ORDER
                              :   OF FORFEITURE/
         - v. -               :   MONEY JUDGMENT
                              :
JANELL THOMPSON,              :   S3 18 Cr. 444 (NRB)
                              :
              Defendant.      :
- - - - - - - - - - - - - - - x

WHEREAS, on or about September 5, 2019, JANELL THOMPSON, (the "defendant"), was charged in a one-count Superseding Information, S3 18 Cr. 444 (NRB) (the "Information"), with participating in a conspiracy to distribute and possess with intent to distribute mixtures and substances containing detectable amount of methyl 2-(1-(5-fluoropentyl)-1H-indazole-3-carboxamido)-3,3-dimethylbutanoate (known as "5F-ADB" and "5F-MDMB-PINACA"), in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing

the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about September 5, 2019, the defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 21, United States Code, Section 853, a sum of money equal to $1,000,000 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $1,000,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained; and

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Robert

B. Sobelman, of counsel, and the defendant, and his counsel, Randall L. Skeen, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $1,000,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the defendant, JANELL THOMPSON, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service", and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.   Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8.      The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____   _____
    ROBERT B. SOBELMAN                  DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, New York 10007
    Telephone: (212) 637-2616

JANELL THOMPSON,
DEFENDANT

By: _____   8-a-2019
    JANELL THOMPSON                     DATE

By: _____   8/9/19
    RANDALL L. SKEEN, ESQ.
    Cook, Skeen & Robinson
    588 South 900 East
    Salt Lake City, Utah 84121

SO ORDERED:

_____   _____
HONORABLE NAOMI REICE BUCHWALD     DATE
UNITED STATES DISTRICT JUDGE